IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          CR 126-011
                                  )
ERIC JOSHUA JONES                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Based upon a review of the entire record, the Court **REPORTS** and **RECOMMENDS** finding Defendant incompetent to stand trial and committing him to a facility for competency restoration procedures pursuant to 18 § U.S.C. 4241(d).

## I.    BACKGROUND

The Indictment charges Defendant with stealing a firearm from a local shooting range, and the underlying allegations are that he asked to see a firearm then snatched it and ran outside of the range and into the woods with the firearm, where he was apprehended. (Doc. no. 3.) At his initial appearance, Defendant showed obvious signs of psychosis and defense counsel made an oral motion for a competency evaluation. (Doc. no. 16.) The Court granted the motion and appointed Dr. Michael J. Vitacco to conduct an evaluation pursuant to 18 U.S.C. §§ 4241 and 4242. (Doc. no. 17.) In a highly detailed and excellent report dated May 4, 2026, Dr. Vitacco opined Defendant was not competent to stand trial, explaining in part as follows:

> If the court mandates a trial or a plea deal is unable to be reached, then it is my opinion that Mr. Jones is not competent to proceed to trial. He currently does not have the psychological stamina to deal with the rigors of a lengthier court process. His mental health symptoms are negatively impacting his impulse control would render him unable to be competent for full proceedings. He would

not remain sufficiently rational and present to work with his attorney to resolve a longer proceeding.

(Doc. no. 26, p. 9.)  This was Dr. Vitacco's third evaluation of Defendant, having evaluated him twice in 2022 for an unrelated state criminal matter.  (Id. at 5.)  As in 2022, Defendant still suffers from schizophrenia or schizoaffective disorder.  (Id. at 5, 6.)  While Dr. Vitacco opines the disorder is currently in partial remission due to Defendant's compliance with prescription medication, the disorder still drastically affects his ability to concentrate for extended periods of time such that he could not endure the stress and length of a jury trial.  (Id. at 8-9.)  Dr. Vitacco opines that Defendant can be restored with in-depth mental health evaluation and treatment.  (Id. at 9.)

On May 22, 2026, the Court held a hearing by telephone with counsel to discuss Dr. Vitacco's findings.  (Doc. no. 30.)  Thereafter, defense counsel consulted with Defendant and his mother, who serves as his caretaker, and submitted a stipulation with the government agreeing that, based on the findings in Dr. Vitacco's report, the Court should find by a preponderance of the evidence Defendant is presently incompetent and should be hospitalized pursuant to 18 U.S.C. § 4241(d)(1).  (See doc. no. 31.)

## II.   DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]"  United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted).  Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  While there is no set standard within the Eleventh Circuit as to which party holds the burden of proof, it is clear that such burden must establish incompetency by a preponderance of the evidence.  See Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005); compare United States v. Short, 2017 WL 772343, at * 2 (S.D. Ga. Feb. 28, 2017) with United States v. Young, 2016 WL 6405842, at * 2 (N.D. Ga. Sept. 21, 2016).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

However, "not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."  Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).

For the reasons expressed by Dr. Vitacco in his report, the evidence preponderates in favor of a finding Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.  18 U.S.C. § 4241(d).

3

**III.   CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** finding Defendant incompetent to stand trial and committing him to a suitable facility to undergo formal competency restoration procedures pursuant to 18 § U.S.C. 4241(d).  The period of confinement for restoration of competency cannot exceed four months unless the Court finds a substantial probability that continued restoration efforts will be successful in the foreseeable future.  18 U.S.C. § 4241(d); United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990). If there is no such substantial probability, Defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.

In the best interest of Defendant's mental health, he should not be detained for transport to the designated facility.  Instead, at the request of defense counsel and Defendant's mother, Defendant should be ordered to self-report.  The Court should recommend the Bureau of Prisons designate Defendant to FCI Butner in Butner, North Carolina and, if no bed space is available there, to the facility next closest to Augusta, Georgia.  If Defendant is unable to travel to the designated facility, he should be allowed self-report to the U.S. Marshals Service at the Augusta courthouse on the report date for transport to the facility.

All passage of time between entry of this Report and Recommendations and the completion of restoration procedures, including Defendant's return to the Southern District of Georgia, shall be excluded for purposes of Speedy Trial Act calculation.  18 U.S.C. § 3161(h)(4).

SO REPORTED AND RECOMMENDED this 5th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA